UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARK COLOSIMO, on behalf of
himself and all others similarly situated,

     Plaintiff,

                            Case No. 11-12182

v.

HITACHI HOME ELECTRONICS         Hon. John Corbett O'Meara
(AMERICA), INC.; HITACHI AMERICA
LTD.; and HITACHI, LTD.,

     Defendants.

_____/


## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO TRANSFER VENUE

     Before the court is Defendants' motion to transfer venue, which has been fully briefed.

The court heard oral argument on September 22, 2011, and took the matter under advisement.

For the reasons stated below, Defendants' motion is granted.

## BACKGROUND FACTS

     Plaintiff Mark Colosimo filed a class action complaint in state court on April 6, 2011,

alleging that Defendants Hitachi Home Electronics (America), Inc., Hitachi America, Ltd., and

Hitachi, Ltd. ("Hitachi") manufactured defective LCD rear-projection televisions.  Defendants

removed the case to this court on May 18, 2011.  Defendants request that the case be transferred

to the Southern District of California, where other suits against Hitachi, based upon the same

defect, and brought by the same plaintiffs' attorneys, have been consolidated.  The consolidated

proceedings, *In re Hitachi Television Optical Block Cases*, have been pending in the Southern

District of California since 2008 before Judge Sabraw.

Judge Sabraw's consolidation orders provide that "[a]ny proposed class action, filed in any United States District Court, against one or more of the defendants, alleging a defect in the optical block of Hitachi-brand LCD Rear Projection televisions shall be deemed a 'Related Action.'" The orders consolidated the cases for pre-trial purposes and provide that "the Court and parties consent to the transfer of Related Actions . . . to this Court. . . ." Defs.' Req. for Judicial Notice, Exs. 1, 2.

These consolidated cases are at an advanced stage, in that Defendants have produced approximately 1,000,000 pages of documents, witnesses have been deposed in Japan and California, experts have been deposed, expert reports have been exchanged, and the district court has ruled upon a "massive and highly technical" motion for nationwide class certification. The district court denied nationwide class certification, but left open the possibility for state-specific class certification; a hearing on state-specific class certification was held on September 9, 2011.

Defendant alleges that, failing to obtain nationwide class certification in the consolidated actions, Plaintiff's counsel seeks to start over in the Eastern District of Michigan, which would result in wasteful and duplicative litigation. Plaintiff's counsel attempted the same tactic in the Northern District of Illinois and the District of New Jersey. The courts in both cases transferred the actions to the Southern District of California, finding that the interests of justice and judicial economy weighed heavily in favor of transfer. See Musial v. Hitachi Home Electronics (America), Inc., 2011 WL 2721756 (N.D. Ill. July 12, 2011); Nowitzke v. Hitachi Home Electronics (America), Inc., No. 11-2419 (D. N.J. Aug. 22, 2011) (Exhibit A to Defs.' Reply).

## LAW AND ANALYSIS

The same considerations weigh heavily in favor of transfer here as well.  Defendants have moved to transfer this action to the Southern District of California pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Id.

> District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.  The factors to be considered by the Court in ruling on a § 1404(a) motion are (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.  In short, the Court may consider any factor that may make any eventual trial "easy, expeditious, and inexpensive."

Helder v. Hitachi Power Tools USA Ltd, 764 F. Supp. 93, 95-96 (E.D. Mich. 1991) (Zatkoff, J.) (citations omitted).

As a threshold matter, it is clear that this action "might have been brought" in the Southern District of California.  Defendants Hitachi Home Electronics (America), Inc. and Hitachi America, Ltd. reside in California in that they have offices and transact business there.  Defendant Hitachi Ltd. is a foreign corporation subject to venue in any district.  28 U.S.C. § 1391(d).

Plaintiff suggests that the deference given to a plaintiff's choice of forum, and the convenience of the parties of witnesses, weigh against transfer.  Plaintiff notes that most of the

-3-

class members reside in Michigan and that the televisions at issue were purchased in Michigan. Plaintiff contends that Michigan is a more convenient forum for third-party witnesses such as local retailers and repair facilities.  Plaintiff states that Defendants' call center personnel are located in Illinois and Defendants' defective parts were repaired by a third party in Indiana. (Defendants' witnesses are located in Japan, Mexico, and California.)  Plaintiff also argues that records located in Michigan, such as service records and purchase information, could not be subpoenaed through the Southern District of California.

It may be that Michigan is a more convenient forum for Plaintiff and other witnesses, although the relevancy and importance of the alleged third-party witnesses is disputed.  The concerns of judicial efficiency and the interests of justice, however, strongly favor transfer and outweigh the inconvenience to Plaintiff.  "There can be no dispute that to allow two separate district courts . . . to address almost identical causes of action involving identical issues in class actions whose members overlap would be an inefficient use of judicial resources." Wayne Cty. Employees' Retirement Sys. v. MGIC Investment Corp., 604 F. Supp.2d 969, 977 (E.D. Mich. 2009) (citation omitted) (Lawson, J.).  This case involves nearly identical factual and legal issues already presented in the consolidated cases in California.  To allow this case to proceed on a separate track would waste judicial resources and potentially result in conflicting rulings.  As Judge Lawson noted in Wayne, "The Court believes that the efficiencies to be realized by transfer and consolidation far outweigh any inconvenience that a transfer will visit upon the present plaintiff, and will overcome the preference usually allocated to the plaintiff's choice of forum." Id.  See also Musial v. Hitachi Home Electronics (America), Inc., 2011 WL 2712756 at *3 (N.D. Ill. July 12, 2011) ("But even if Musial were correct in arguing that private interest

factors cut against transfer. . . transfer still would be appropriate in the interest of justice.").

Accordingly, the court will grant Defendants' motion and transfer the case to the Southern District of California.

## ORDER

IT IS HEREBY ORDERED that Defendants' motion to transfer is GRANTED.

IT IS FURTHER ORDERED that this action is TRANSFERRED to the Southern District of California.


s/John Corbett O'Meara
United States District Judge

Date:  September 26, 2011




I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 26, 2011, using the ECF system.


s/William Barkholz
Case Manager